FILED
2016 Aug-18  PM 02:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | **CIVIL ACTION NUMBER:** |
| **v.** | ) ) | |
| **WAYNE FARMS, LLC** | ) ) | **JURY TRIAL REQUESTED** |
| **Defendant.** | ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices. As alleged with greater particularity in paragraphs twelve (12) through thirty (30) below, Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") alleges that Defendant Wayne Farms, LLC ("Defendant" or "Wayne Farms") refused to accommodate Charging Parties Salvadora Roman and Latonya Hodges because of their disability rather than accommodating them by extending leave, and further, discriminated against a class of qualified individuals with disabilities (including but not limited to Charging Parties) by maintaining an inflexible leave policy which failed to provide reasonable accommodation, and which instead provided for termination of employment, all in violation of the ADA.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C §2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Alabama, Northeastern Division.

## PARTIES

3.    Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3), 42 U.S.C §2000e-5(f)(1) and (3).

4.    At all relevant times, Defendant, Wayne Farms has continuously been doing business in the State of Alabama and the City of Decatur, and has continuously had at least fifteen (15) employees.

5.    At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5), 42 U.S.C. §§12111(5), and 101(7) of the ADA, 42 U.S.C. §§12111 (7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S. C. §§ 2000e(g) and (h).

2

6.    At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA. 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7.    More than thirty (30) days prior to the institution of this lawsuit, Salvadora Roman ("Roman") and Latonya Hodges ("Hodges") filed charges of discrimination with the Commission alleging violations of the ADA by Defendant.

8.    On September 30, 2014, the Commission simultaneously issued to Defendant two Letters of Determination finding reasonable cause to believe that the ADA was violated with respect to each Charging Party, as well as a class of employees and former employees, and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.    On November 10, 2014, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission with respect to the charge filed by Salvadora Roman.

10.    On November 21, 2014, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission with respect to the charge filed by Latonya Hodges.

11.    All conditions precedent to the institution of this lawsuit has been fulfilled.

## STATEMENT OF CLAIMS

12.    Since at least October 1, 2010, Defendant has maintained an inflexible attendance policy which does not provide for reasonable accommodation of qualified individuals with

3

disabilities and which instead provides for termination of their employment, in violation of Sections 102(a), 102(b)(3)(A), 102(b)(5)(A), 102(b)(5)(B) and 102(b)(6) of Title I of the ADA, 42 U.S.C. §§ 12112(a), (b)(3)(A), (b)(5)(A), (b)(5)(B) and (b)(6).

13.    Since at least October 1, 2010, Defendant has maintained an attendance policy, which provides for progressive attendance point accumulation for non-managerial employees. This policy permits a maximum of nine (9) absences, called "occurrences", in a rolling twelve (12) month period. It applies to all absences, including absences caused by an employee's disability unless the employee is granted certified leave under the Family Medical Leave Act (FMLA) or is granted leave for holidays, pre-approved vacations, death in the immediate family, court subpoena as a witness, jury duty, pre-approved medical leave of absence, military leave, worker's compensation disability, pre-approved personal leave and pre-approved appointments with Government agencies.

14.    Defendant's policy mandates that when an employee accumulates ten occurrences an employee is automatically terminated. Defendant's policy in effect, acts as a qualification standard, employment test or other selection criteria that screens out or tends to screen out individuals with disabilities and is not job-related or consistent with business necessity, in violation of Sections 102(a) and 102(b)(3)(A) and (b)(6), 42 U.S.C. §§ 12112(a) and 12112(b)(3)(A) and (b)(6). Charging Parties and a class of employees and former employees are qualified individuals with disabilities who could perform the essential duties of his or her job with or without reasonable accommodation.

15.    For example, Charging Party Latonya Hodges is a qualified individual with a disability who could perform the essential functions of her job with or without an accommodation. Hodges began working at Wayne Farms in or around December 2012 as a Labor Associate in the

4

Portioning Department. Hodges had been diagnosed with asthma, which substantially limits her breathing.

16.   At the time of her hire, and throughout her employment, Hodges discussed her disability with Wayne Farms management. Hodges also visited Wayne Farms' on-site nurse for medical treatment related to her disability.

17.   Hodges requested reasonable accommodations for her disability, including transfer to areas within the plant that did not exacerbate her disability, permission to use her inhaler while at work, and flexibility of Defendant's attendance policy with respect to absences related to her disability. Hodges provided medical excuses on multiple occasions related to full day or partial day absences related to her disability.

18.   Defendant terminated Hodges on or about June 21, 2011 pursuant to its policy described in paragraph thirteen (13), rather than accommodating her by offering flexibility in application of its attendance policy or any other reasonable accommodations, in violation of Sections 102(A) and 102(b)(3)(A) and b(5)(A) and (B) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(3)(A) and (b)(5)(A) and (B).

19.   By terminating Hodges in accordance with Wayne Farms' inflexible attendance policy, Defendant imposed a job retention standard that had the effect of discriminating on the basis of disability and screened out an individual with a disability in a manner that was not job-related for her position or consistent with business necessity in violation of Sections 102(a) and 102(b)(3)(A) and (b)(6) of Title I of the ADA, 42 U.S.C. § 12112(a) and 12112(b)(3)(A) and (b)(6).

20.   As another example, Salvadora Roman is a qualified individual with a disability who could perform the essential functions of her job with or without a reasonable accommodation.

5

Roman began working for Wayne Farms in or around July 1995 and worked for Wayne Farms for nearly seventeen (17) years prior to her employment ending in May 2012. Her position at the time of the events described in this complaint was on the deboning line.

21.   Due to the nature of work on the deboning line, which included fast, strenuous, and repetitive movement deboning chickens, Roman suffered severe wrist and hand pain. Roman was eventually diagnosed with Carpal Tunnel Syndrome. Carpal Tunnel Syndrome substantially limits the major life activity of performing manual tasks, among others. As a result of her disability, Roman requested and took leave of absence on several occasions. On at least four of those occasions, she presented to management medical excuses for her absences.

22.   On or around April 18, 2012, Wayne Farms notified Roman that she had accumulated eight (8) occurrences under its attendance policy and would be terminated if there were additional absences for any reason. Roman explained to Wayne Farms management that her absences were related to her disability and asked to be reassigned to another position in the plant which would not exacerbate her medical condition. Defendant refused Roman's request for transfer and provided her with no other alternatives. Roman visited Wayne Farms' on-site nurse for treatment related to her disability.

23.   On or about May 7, 2012, Roman's disability prevented her from reporting for work, and, given Defendant's refusal to accommodate her by offering flexibility in its attendance policy or other reasonable accommodations, Roman did not return to work based upon her good faith belief that she was terminated. Defendant's policy states that all employees who accrue ten (10) absences or occurrences are automatically fired.

24.   If Wayne Farms had provided transfer to another position as a reasonable accommodation, Roman could have resumed working without incurring any additional

6

infractions. but Wayne Farms never had any discussions with Roman concerning possible accommodations.

25.    Each individual for whom EEOC seeks relief is a qualified individual with a disability who could perform the essential functions of his or her job with or without a reasonable accommodation.  Rather than engage in an interactive process and reasonably accommodate these individuals, without undue hardship, Wayne Farms terminated the class members' employment, pursuant to its policy described in paragraph thirteen (13).

26.    The individuals described in paragraph twenty-five (25) were also subject to a job retention standard, specifically Defendant's attendance policy, that had the effect of discriminating on the basis of disability,  screening out individuals with disabilities, and that was not job-related for the position or consistent with business necessity pursuant to the policy described in paragraph thirteen (13).

27.    Defendant's attendance policy was administered in a manner that screened out, and had the effect of screening out, qualified individuals with disabilities in violation of Section 102(b)(3)(A).

28.    The effect of the practices complained of in paragraphs twelve (12) through twenty-seven (27) above has been to deprive Charging Parties and a class of employees and former employees covered by the ADA of equal employment opportunities and otherwise adversely affect their status as employees because of their disabilities.

29.    The unlawful employment practices complained of in paragraphs twelve (12) through twenty-seven (27) above were and are intentional.

30.    The unlawful employment practices complained of in paragraphs twelve (12) through twenty-seven(27) above were and are done with malice or with reckless indifference to the

7

federally protected rights of the Charging Parties and the class of employees and former employees covered by the ADA.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Wayne Farms, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of disability, including the denial of reasonable accommodations to qualified individuals with disabilities.

B.      Order Defendant Wayne Farms to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of their past and present unlawful employment practices, including but not limited to requiring that Defendant (i) amend its attendance policy to state that Defendant must make exceptions to the policy when required by the ADA as a reasonable accommodation for employees with disabilities; (ii) publicize that amendment to all present and future employees; (iii) adhere to the amendment; and (iv) notify all former employees discharged under the attendance policy before it was amended of this action, its disposition, and the amendment.

C.      Order Defendant Wayne Farms to make whole Charging Parties and a class of employees and former employees covered by the ADA by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay and reinstatement.

8

D.      Order Defendant Wayne Farms to make whole Charging Parties and a class of employees and former employees covered by the ADA by providing appropriate compensation for the past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs twelve (12) through twenty-seven (27) above, including, but not limited to, relocation expenses, job search expenses, medical expenses, and other pecuniary losses, in amounts to be determined at trial.

E.      Order Defendant Wayne Farms to make whole Charging Parties and a class of employees and former employees covered by the ADA by providing appropriate compensation for the past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs twelve (12) through twenty-seven (27) above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and other non-pecuniary losses, in amounts to be determined at trial.

F.      Order Defendant Wayne Farms to pay Charging Parties and a class of employees and former employees covered by the ADA punitive damages for its malicious and reckless conduct described in paragraphs twelve (12) through twenty-seven (27) above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

9

RESPECTFULLY SUBMITTED,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

C. EMANUEL SMITH
Birmingham District Regional Attorney
MS Bar #7473

MARSHA L. RUCKER
SUPERVISORY TRIAL ATTORNRY
PA Bar # 90041

Equal Employment Opportunity
Commission
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street south
Birmingham, AL 35205
Tel. (205) 212-2045
Fax. (205) 212-2041
emanuel.smith@eeoc.gov